# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07CR364 |
| | ) | CASE NO. 1:15CV2662 |
| Plaintiff-Respondent, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | **OPINION AND ORDER** |
| ANDRE E. SMITH, | ) | |
| Defendant-Petitioner. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

    This matter comes before the Court upon the Motion (ECF DKT #49) of Defendant-Petitioner, Andre Smith, for Relief under 28 U.S.C. § 2255. For the following reasons, the Motion is denied.

## I. PROCEDURAL HISTORY

    On March 3, 2008, Smith pled guilty to being a Felon in Possession of a Firearm in violation of 18. U.S.C. § 9229(g)(1). At this hearing, the Court notified Smith that he would

be subject to a fifteen-year mandatory minimum sentence if he were adjudicated an Armed Career Criminal under the Armed Career Criminal Act (hereinafter referred to as "A.C.C.A."). Smith indicated that he understood. The Government previously provided Smith with a notice that identified four prior violent felonies to support this sentence enhancement:

1. Felonious Assault, in Case Number 97CR027, in the Belmont County Common Pleas Court, on or about April 28, 1997;

2. Aggravated Burglary, in Case Number 85-12-1404, in Summit County Common Pleas Court, on or about January 21, 1987;

3. Aggravated Burglary, in Case Number 204661, in the Cuyahoga County Common Pleas Court, on or about March 3, 1986; and

4. Attempted Escape, in Case Number 462257, in the Cuyahoga County Common Pleas Court, on or about May 19, 2005.

Smith confirmed that he waived his right to appeal the sentence unless it exceeded the statutory maximum or the applicable guideline range. On May 28, 2008, the Court found Smith qualified as an Armed Career Criminal under the A.C.C.A. and sentenced Smith to 168 months' incarceration with five years of supervised release and a special assessment of $100 pursuant to 18 U.S.C. § 3553.

The Supreme Court's recent decision to strike down the A.C.C.A.'s residual clause in *Johnson v. United States,* 135 S. Ct. 2551 (2015) leaves open the question of whether certain previously qualified felonies still fall within the scope of the A.C.C.A.'s remaining provisions to allow for A.C.C.A. sentence enhancements.

A criminal defendant can collaterally challenge a sentence under the A.C.C.A. in a Section 2255 proceeding. *Welch v. United States*, 136 S.Ct. 1257 (2016). On December 22,

2015, Smith filed a timely Motion for Relief to vacate his sentence and to set the case for *de novo* sentencing pursuant to 28 U.S.C. § 2255. Smith claims that in the aftermath of *Johnson,* the A.C.C.A. sentence enhancement violated constitutional and federal law since Smith lacked the minimum of three valid predicate offenses. Namely, Smith claims that his prior convictions for Aggravated Burglary and Felonious Assault fall outside the A.C.C.A.'s enumerated offense of burglary and the physical use of force clause, respectively. Smith also challenges his Attempted Escape conviction's qualification as a valid predicate offense under the A.C.C.A. The Government opposes.

## II. LAW & ANALYSIS

### A. Standard of Review

A prisoner may challenge a sentence post-conviction pursuant to 28 U.S.C. § 2255 under the following circumstances:

1. The sentence was imposed in violation of the Constitution or laws of the United States;
2. The court was without jurisdiction to impose such sentence;
3. The sentence was in excess of the maximum authorized by law; or
4. The sentence is otherwise subject to collateral attack**.**

To prevail on a § 2255 motion alleging constitutional error, petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999)(citing *Brecht v. Abrahamson,* 507 U.S. 619, 637-38 (1993)).

### B. Defendant's Motion for Relief

The A.C.C.A. authorizes the court to impose a fifteen-year mandatory minimum sentence on a defendant if that defendant is convicted of being a Felon in Possession of a

Firearm and has three or more convictions for violent felonies. 18 U.S.C. § 9249(e)(1).

1. *A.C.C.A. Predicate Offenses: Violent Felonies*

The Armed Career Criminal Act, 18 U.S.C. § 9249(e)(2)(B), currently defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year . . . that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives . . .

Until recently, subsection (ii) also included a residual clause that incorporated additional offenses under the following language *"or otherwise involves conduct that presents a serious potential risk of physical injury to another."* On June 26, 2015, the Supreme Court held that this residual clause was unconstitutionally vague. *Johnson v. United States,* 135 S. Ct. 2551 (2015). If a court imposed an increased sentence based on felonies that only qualified under this residuary clause, that sentence violated a criminal defendant's constitutional right to due process. *Id.*

For the following reasons, the Court finds that Smith's two Aggravated Burglary convictions fall within the enumerated clause of generic burglary under Section 9249(e)(2)(B)(ii); and that Smith's conviction for Felonious Assault qualifies as a violent felony as defined under the A.C.C.A.'s physical force clause in Section 9249(e)(2)(B)(i). Since Smith has three predicate felonies under the A.C.C.A., the Court need not address the issue whether the Attempted Escape conviction also qualifies as a predicate felony.

2. *Smith's Aggravated Burglary offenses in 1985 and 1986 are defined more narrowly under the contemporaneous version of O.R.C. § 2911(A)(3) than the generic definition of Burglary*

For Smith's convictions for Aggravated Burglary to qualify as predicates for an

-4-

A.C.C.A. enhancement, the Ohio statute must define "aggravated burglary" either equally or more narrowly than the generic definition of burglary. A state crime cannot qualify as an A.C.C.A. predicate if its elements are broader than those of a listed generic offense. *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) *citing Taylor v. United States* 110 S. Ct. 2143 (1990).

In 1985 and 1986, Smith pled guilty to Aggravated Burglary in violation O.R.C. § 2911(A)(3). At the time of both of Smith's convictions, O.R.C. § 2911(A)(3) defined Aggravated Burglary as "trespass entry (by force, stealth, or deception) into an occupied structure . . . with purpose to commit therein any theft offense or any felony . . . when the occupied structure involved is the permanent or temporary habitation of any person, in which any person is present or likely to be present." O.R.C. § 2911(A)(3)(eff. Jul 1, 1983). The following elements must be satisfied for a defendant to violate O.R.C. § 2911 (A)(3):

1. Trespass by force, stealth, or deception,
2. Into an occupied structure,
3. With the purpose to commit therein any theft offense or felony,
4. When another person is likely to be present in the structure.

The Supreme Court has held that a defendant committed a generic burglary for purposes of a § 9249(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into. . . a building or structure, with intent to commit a crime. *Taylor,* 110 S. Ct. at 2158. The following elements must be satisfied for a generic burglary:

1. Unlawful or unprivileged entry,
2. Into a building or structure,
3. With intent to commit a crime.

Ohio's Aggravated Burglary statute defines the first element of the offense more

-5-

narrowly than the Supreme Court. In addition to unlawful or unprivileged entry, the Ohio statute requires force, stealth, or deception. Likewise, the third element of Aggravated Burglary in Ohio is narrower because it excludes crimes that are not felonies or theft offenses.

Smith contends that the second element of O.R.C. § 2911(A)(3) is broader than generic burglary. In 1983, the O.R.C. defined "occupied structure" in § 2909.01 as follows:

[A]n "occupied structure" is any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

(A) Which is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied, and whether or not any person is actually present;

(B) Which at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;

(C) Which at the time is especially adapted for the overnight accommodation of any person, whether or not any person is actually present;

(D) In which at the time any person is present or likely to be present.

The Supreme Court noted, in *dicta*, that a few states have defined burglary more broadly, by . . . including places, such as automobiles and vending machines, other than buildings. *Taylor,* 110 S. Ct. at 2158. The Sixth Circuit has also interpreted *Taylor* to hold that because Ohio's *general* burglary statute includes places other than buildings, it is broader than the Supreme Court's generic definition of burglary. *United States v. Lane*, 909 F.2d 895, 902 (6th Cir. 1990).

The *Lane* decision is readily distinguishable from the present case because *Lane* considered a *general burglary* statute with fewer elements than the *aggravated burglary* statute currently reviewed by this Court. Smith contends that *Lane* conclusively decided that a burglary statute that includes structures other than buildings is a broader definition than that

in *Taylor*. As a preliminary matter, this contention runs afoul of the Supreme Court's holding in *Taylor*, which explicitly includes "buildings or *other structures*" within this element. *Taylor,* 110 S. Ct. at 2158.

Moreover, unlike the general burglary statute discussed in *Lane*, O.R.C. § 2911(A)(3) not only requires a location that is a "permanent or temporary habitation," but also requires that a person *is likely to be present* at the time of the burglary. The Ohio Supreme Court has held that this conjunctive requirement is a separate element from the disjunctive requirements in subsections (B) and (D) of the occupied structure definition. *State v. Wilson,* 388 N.E.2d 745, 749-50 (Ohio 1979). Because of this distinct additional element, the Sixth Circuit's holding in *Lane* regarding an "occupied structure" is not controlling here.

Burglary of a "permanent or temporary habitation" of a person where that "person is present or likely to be present" fits within the generic definition of burglary. O.R.C. § 2911(A)(3) further adds the elements of trespass and criminal activity and defines a narrower set of crimes than the generic definition of burglary. Smith's 1985 and 1986 convictions for Aggravated Burglary under O.R.C. § 2911(A)(3) are properly classified as predicate offenses under the A.C.C.A.

### 3. *Smith's Felonious Assault Conviction from 1997 qualifies as a Violent Felony under the A.C.C.A.'s "Physical Force" Clause.*

Smith's conviction for Felonious Assault is a violent felony under the "physical force" clause of the A.C.C.A. and thus not impacted by *Johnson v. United States.* To qualify as a violent felony under the "physical force" provision of the A.C.C.A., a statute must have an element of the use, attempted use, or threatened use of physical force against another.

18 U.S.C. § 9249(e)(2)(B)(i). The Supreme Court has clarified that "physical force" as used in § 9249(e)(2)(B)(i) means "violent force - that is, force capable of causing physical pain or injury to another person," and not mere unwanted touching, which would be incapable of causing such physical pain or injury. *Johnson v. United States*, 130 S.Ct. 1265, 1270-72 (2010).

In April 1997, Smith pled guilty to Felonious Assault in violation of O.R.C. § 2903.11(A)(1)(eff. Sept. 6, 1996). At the time of Smith's conviction, Section 2903.11(A)(1) provided that: "No person shall knowingly: [c]ause serious physical harm to another or to another's unborn." *Id*.

The Sixth Circuit has unequivocally held that a conviction under O.R.C. § 2903.11(A)(1) for Felonious Assault is a violent felony under the physical force clause of the A.C.C.A. *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012); *see also United States v. Collins*, 799 F.3d 554, 596-97 (6th Cir. 2015)(Reaffirming *Anderson's* reasoning post- *Johnson*), *cert. denied*, 136 S. Ct. 601, 193 L. Ed. 2d 480 (2015); *see also United States v. Hibbit*, 514 F. App'x 594, 596 (6th Cir. 2013).

Smith argues that Ohio law distinguishes serious physical harm from "physical force." However, interpretation of the A.C.C.A. is a question of federal law; and *Anderson* has held "that one can "knowingly . . . [c]ause serious physical harm to another," Ohio Rev.Code § 2903.11(A)(1), only by knowingly using force capable of causing physical pain or injury, i.e., *violent physical force*, in the context of determining what crime constitutes a "violent felony" under § 9249(e)(2)(B)(i)." *Anderson* at 400. And although *Anderson* addressed the 2008 version of Ohio's felonious assault statute, this rationale applies equally to the 1996 version

as both versions proscribe "knowingly . . . caus(ing) physical harm to another." In light of this precedent, Smith's argument remains unpersuasive.

Smith further argues that under Ohio's Felonious Assault statute, the element of "serious physical harm" does not require physical force against the person. The Sixth Circuit has reconciled Ohio's definition of "physical harm" with the Supreme Court's definition of "physical force" under the 2010 *Johnson* decision. *See United States v. Evans*, 699 F.3d 858, 864 (6th Cir. 2012). A defendant uses physical force when a defendant knowingly sets in motion a series of events that the defendant knows will result in the application of a force capable of causing physical pain or injury to another person. *Id*. Citing *Anderson,* the *Evans* court then concluded that a conviction for "assault" necessarily requires physical force. *Id.*

Smith's two convictions for Aggravated Burglary and one conviction for Felonious Assault constitute the three necessary predicate felonies under the A.C.C.A. Smith's sentence enhancement was thus proper under the Armed Career Criminal Act.

### III. CONCLUSION

Defendant-Petitioner Smith committed at least three predicate felonies under the Armed Career Criminal Act subjecting him to its sentence enhancement. Upon examination of O.R.C. § 2911(A)(3), the Court finds that the elements for Aggravated Burglary are narrower than the generic definition of Burglary. Moreover, Smith's argument that his conviction for Felonious Assault does not qualify under the "physical force" clause of the A.C.C.A. is unpersuasive in light of well-established precedent. Because the three predicate offenses have been established, the Court need not address Smith's arguments regarding his Attempted Escape conviction. For the reasons stated, the Court denies Smith's Motion for Relief under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

                                            <u>**s/ Christopher A. Boyko**</u>
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**

**Dated: April 17, 2017**